837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louis SZTAN, Petitioner,
v.
DEPARTMENT OF NAVY, Respondent.
 No. 87-3443.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1987.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board), No. DC04328610498 (MSPB Dec. 29, 1986), affirming the Department of the Navy's decision to remove Louis Sztan for unacceptable performance, is affirmed.
 
 OPINION
 
 2
 Petitioner argues that his statutory and constitutional rights were violated as a result of an ex parte memorandum sent by R.A. Findley, the charging official, to RADM J.F. Calvert, the deciding official. The one-page memorandum stated that petitioner's work performance continued to be deficient, and cited several examples in support thereof. According to petitioner, the Board erred in concluding that the memo did not invalidate the removal proceedings, relying on Sullivan v. Department of Navy, 720 F.2d 1266 (Fed.Cir.1983).
 
 
 3
 A careful review of the entire record demonstrates that petitioner's argument is without merit. Firstly, as the Board recognized, "[t]here is no statutory or regulatory prohibition on ex parte communications between proposing and deciding officials." Sztan v. Department of Navy, No. DC04328610498, at p. 15 (MSPB Dec. 29, 1986) (citing Farris v. Department of the Air Force, 26 M.S.P.B. 299, 303 (1985), aff'd, 785 F.2d 323 (Fed.Cir.1985) (unpublished opinion)). Whether such communications are improper, depends upon the circumstances of each case.
 
 
 4
 Secondly, petitioner's reliance on this court's decision in Sullivan is misplaced. In Sullivan, the court reversed a removal action after concluding that multiple ex parte communications from an adversary to the deciding official vitiated the entire removal proceedings. As found by the court, "a true adversary with motives of reprisal sought to pressure the deciding official into making a decision to remove the petitioner from his employment." Sullivan, 720 F.2d at 1272 (emphasis added).
 
 
 5
 In the present case, substantial evidence supports the Board's finding that there was not an adversarial relationship between Findley and petitioner. There was no evidence that Findley, in proposing petitioner's removal, "was out to get" petitioner, or that the agency attempted to conceal the memorandum.
 
 
 6
 Moreover, there is substantial evidence to support the Board's conclusion that Admiral Calvert was not influenced in making his decision by the information in the memorandum. The admiral testified that he did not consider the memorandum, because it covered matters which were not in the proposal notice, and he knew it would have been improper for him to consider such matters. The Board gave Admiral Calvert's testimony "heavy weight," stating that he was a "very credible witness."
 
 
 7
 Accordingly, there is substantial evidence to support the Board's decision that the new information did not influence the admiral's final decision, and that petitioner was properly removed for unacceptable performance.